Orbis Corp. v. Orbis Corporation Orbis Corporation Next case is Buckhorn, Inc. v. Orbis Corporation, 2014-17-11. We'll hear from Ms. Woods when she's ready. We're here today on a single issue, and that is whether Buckhorn may properly be held jointly and severally liable as a matter of law for a fee award made to Orbis after remand by this Court to the District Court in the Northern District of Ohio, expressly instructing that Court to determine the amount of a fee award based upon the fee-shifting language in the ROCAP-SITAC agreement, to which Buckhorn was never a party, received no benefit under. I'm a little confused because I don't read the District Court as having awarded fees under the ROCAP-SITAC agreement. I read the District Court as having awarded fees under the PLA agreement. I'm sorry, didn't I hear the last part of your question? I read the District Court as not awarding fees under the RX agreement. Indeed, the District Court said specifically it wasn't doing that, but rather under the PLA agreement. You're absolutely correct, Your Honor, and that is the error of law that the District Court made because this Court remanded a determined fees on the basis of a specific agreement. Instead, the District Court wandered over into new territory on a completely independent and separate agreement among separate parties that cannot be construed together with the ROCAP agreement. It awarded fees on the basis of that separate patent-license agreement, which the Court acknowledged was not before it, had never been adjudicated, and was between separate parties. Of which Buckhorn is a party. Buckhorn's predecessor, a parent company, Myers, is a party to that patent-license agreement. You're correct, Your Honor. But Orbis is not. Sorry? But Orbis is not. Orbis is not, and that is the crux of this dispute. You have one agreement between Scholar and Orbis, or their predecessors, and you have a totally separate agreement between Scholar and Buckhorn. Those agreements were made 14 years apart in different states among different parties for different purposes, applying different laws with different venue clauses or form selection clauses. Each of those agreements is an independent agreement. Each is fully integrated and contains explicit language to that effect. Those agreements do not intend to benefit third parties, and you cannot grasp a fee-shifting provision in one agreement, the ROCAP agreement, and transport it by some legal... But that's not what happened. Well, Your Honor, that's exactly what happened. No, it's not what happened. What the District Court did was impose liability under the PLA agreement. Yes, and the District Court did that, acknowledging that that court had never had that agreement in front of it, that that agreement specifically says that it covers indemnification between Scholar and Buckhorn. Indemnification is different than fee-shifting, and you cannot simply say that Scholar is liable to Orbis under the ROCAP agreement, and Buckhorn might be accountable to Scholar. Why are you talking about the ROCAP agreement? It has nothing to do with it. All right, but I'm talking about the PLA, Your Honor. The District Court didn't rely on the ROPEC agreement. Let's put that aside. The Red Reefs conceded that the fees were not awarded under the ROPEC agreement. The question is whether they could be awarded under the PLA agreement. But fees cannot be directly awarded to Orbis under the PLA agreement. Orbis is not a party to that agreement. That agreement says that you'll have no third-party beneficiaries, and there's absolutely no basis that you can make a direct fee award under the PLA from Buckhorn to Orbis. Now, there is a question out there, which will be adjudicated in the New York court as required under the PLA, that says we will determine whether Buckhorn has an indemnification obligation to Scholar. Indemnification is completely different from fee-shifting. Indemnification means you've already paid the debt, and now you're seeking someone else to reimburse you for that. Scholar has not paid the fee award to Orbis. There was a small garnishment, but other than that, they've not paid it. And whether Buckhorn will be accountable under that indemnification language to Scholar is a question yet to be determined in a New York court under New York law. The district court in Ohio could not just leapfrog from that indemnification language and say, for a matter of expedience, we're going to hold Buckhorn directly accountable to Orbis. That is the error of law in this case. And that particular approach runs roughshod over basic principles of contract law. It ignores the concept of mutual consent. It also puts us on a very slippery slope with the American rule of law regarding fee-shifting, which has to be a matter of specific contractual provision. There's no fee-shifting language in the patent license agreement. And you now are grafting one obligation from one set of parties into a different set of parties in a different contractual basis of case. Your basic argument, I take it, is that even though Buckhorn can be tracked all the way back to Zytek by the series of assignments and agreements, and Orbis can be tracked back to the original Zytek-ROPAC agreement, your argument is that Zytek-ROPAC would not have allowed the suit that made Orbis liable, or Buckhorn rather liable, for the fees. That suit could not have been undertaken under the Zytek-ROPAC arrangement. And your argument seems to be the only way you can get that suit is through the PLA agreement? Well, it's not the lawsuit that's at issue, it's the actual payment of fees. And what we're contending is that there are two independent contracts among different sets of parties. And you can impose an obligation to pay fees on Scholar to Orbis under the ROPAC agreement. There's no dispute about that. That's what the district court really should have done, and there's some language to indicate that's what it was trying to do. But then when it was faced with Buckhorn, it said, well, it's not a party, so we can't impose fees under the ROPAC agreement. There's absolutely no legal basis to do that. So let me try to find a different way. So it looked to the PLA and said, aha, Buckhorn is supposed to indemnify Scholar for its litigation. And that's all well and good, but that's a two-step process. You can't leap directly to say that Buckhorn has to pay Scholar, has to pay Orbis. Buckhorn is a subsidiary of Myers, who is a party to the Scholar agreement. Right. Holds a license from Scholar, right? Scholar licensed the 592 patent to Myers, and Myers and Buckhorn are the same thing. Right. That's correct, Your Honor. And Myers agreed to pay Scholar's expenses. Other than indemnification clause. Indemnification clause means you have to pay it up front first, and then you seek reimbursement. That's your argument, that indemnification is different from fee shifting. Correct. Well, your point is that Orbis isn't a party to the PLA agreement and can't recover from anybody under the PLA agreement. That is absolutely correct, Your Honor. That's the second aspect of our argument. I see my time is up. Well, it's not up, but you wanted to reserve six minutes, and we'll save it for you for rebuttal. Yes. Thank you. Mr. Bono. Good morning, Your Honors. May it please the Court. So how is it that Orbis, that's not a party to the PLA agreement, can recover under the PLA agreement? Yes, Your Honor, for several reasons. First of all, this appeal by Buckhorn is a rather brazen and belated attempt to escape accountability for its own conduct in this case. You've got to answer my question. Could you answer my question? Yes, Your Honor. How does Orbis recover under the PLA agreement? It's not a party to it. The answer to that is revealed in the district court's very thorough opinions. And there's two opinions that the district court has given. What is the answer? How can it recover under an agreement to which it's not a party? The district court never explained that. The issue, this is not a contract question, Your Honor. This is a question of whether the district court in its discretion, and it is vested in the sound discretion of the district court, whether the district court can make a judgment jointly and severally liable against co-parties in a litigation. Well, it specifically declined to award fees under Section 285, right? That's correct. Okay, so where does its authority to award fees come from if it rejected 285 and it didn't rely, in your view, under the PLA agreement? It relied for two reasons in its opinions, and it made it very clear. One, the district court relied upon the PLA agreement. And the district court, contrary to counsel's statement that the district court... Well, my question was, how can it rely on the PLA agreement when Orbis isn't a party to it? Your Honor, I would ask that you let me finish my answer. Well, I'll let you finish your answer if you respond to my question. Responding to your question, Your Honor, Buckhorn expressly relied on the PLA agreement to establish its standing to bring this suit in concert with Scholar. The fact is the PLA was in front of the district court at the commencement of the litigation. The litigation was started by Buckhorn alone. The motion to dismiss was filed because Buckhorn did not have standing to bring the suit without Scholar, the owner. Buckhorn filed an affirmative motion in the district court saying it wanted the district court to order Scholar to become a party as a plaintiff, relying expressly upon the PLA. It quoted extensively from the PLA to the district court at the beginning of the litigation. How is that not Orbis' right to recover under an agreement to which it's not a party? Your Honor, the agreement says that it shall pay. It's not an indemnification provision. It says it shall pay the government. Which agreement are you talking about? The PLA agreement. That goes back to the judge's question. Yes. Orbis isn't in the PLA agreement. And Buckhorn acted in concert with Scholar as a co-plaintiff. The basis for joint and several liability is not just solely contractual. The court looks at the conduct of the parties in a litigation. As this court has reviewed in several cases, in looking at the issue of joint and several liability, you look at the conduct of the parties, their relative importance in the case. Are you arguing that Scholar could have sued Orbis? And if Scholar sued Orbis, Scholar would clearly have been entitled to, or not entitled, but clearly would have been liable. Oh, certainly, Your Honor. And in fact, this court... And your argument is that Buckhorn is standing in Scholar's shoes. In fact, they expressly told the district court that in their brief. They expressly said, Buckhorn stands in the shoes of Scholar. And that's cited in our brief. Not for purposes of fees, they didn't say. They said for all purposes, Your Honor. For all purposes? Where does it say that? It did not limit. Their statement did not limit that to qualify as well. Where did they say they stood in their shoes for all purposes? Your Honor, it's in our brief, and I don't have it in front of me right now, but it's in our brief, and we cited it. You're supposed to come to our argument with understanding your own brief. I understand, Your Honor, and I'll get you that cite in a second. And in this court's prior opinion, which is very significant, never challenged by Buckhorn, this court found that the fee-shifting provision was broad and reciprocal and applied to both appellees, both Buckhorn and Scholar. And at JA-227, this is where it says that the fee provision is reciprocal, and appellees would have been able to collect fees and costs if they were the prevailing parties. So what we have here is... Yes, but on page 224, our opinion also said that SAS was the only plaintiff with obligations under the fee provision, right? As a matter of contract, when you look at only the four corners of that agreement, not when you look at the conduct undertaken by the respective plaintiffs in this case, and the fact that Buckhorn, as recognized by the district court, Buckhorn was the lead plaintiff, Buckhorn was responsible for the case, Buckhorn was in charge of the case, Buckhorn was the only party to collect damages in the case, and under that conduct, the district court very properly exercised its discretion and determined that the fee award and the judgment should be joint and several, as to both Buckhorn and Scholar. How does this case relate to the New York action? Your Honor, thank you. Which is going to interpret the PLA agreement, which was the basis of the trial court's decision here. Yes, and thank you very much for that question. The trial court, again, answered that question very explicitly in its opinion. And it is at docket 313, which is JA-42 and JA-43. And the court expressly notes... I'm sorry, Your Honor, it's in the original. I think you're talking about A-32. Referring to Scholar and Buckhorn fighting about the fees in the New York court. I'm actually talking about docket 291, I apologize. It's at JA-260 and JA-261, in which the district court, in those two pages, specifically addressed that very issue. And said that the determination between Buckhorn and Scholar, how they fight among themselves, and who's ultimately going to be responsible for sharing in the obligation, that's going to be decided by the New York court, because Buckhorn has filed a case alleging that Scholar breached that contract, thereby Buckhorn being able to collect damages against Scholar, i.e. the damages, it asserts, is the fees that it says in the New York case, it's jointly and separately liable to pay to Orvis in this case. Why doesn't the indemnity provision satisfy your needs rather than this one? Because, Your Honor, I have a collection problem against Scholar. Scholar is a foreign company. They've already taken all their money out of their accounts as to the party that's in this action. They have no liquid assets in the United States. And, in fact, they rent a building in the U.S., but they don't own it. So I have no way of collecting the judgment against Scholar, and Buckhorn knows that. Buckhorn here not only has the assets, Myers has backed them up, and they've posted a $3 million bond to cover this appeal. So the question here is, should the plaintiff, who is the judgment creditor, be penalized because Buckhorn is trying to run from its obligation that the district court properly noted this was Buckhorn's case all along. They were the lead plaintiff. All of the fees that were incurred in this case were incurred by Buckhorn. If SAS recovers against Buckhorn in the New York courts, gets a judgment, why can't you attach that judgment? Well, SAS is not suing Buckhorn in the New York courts. Who's the litigation in New York? Between Buckhorn has sued SAS, alleging that there was a breach of the contract between Buckhorn and SAS. And there's no counterclaim. No counterclaim has been filed, Your Honor. And so the question is, can the district court, in its discretion, exercise its discretion and impose joint federal liability in favor of a judgment creditor? And the answer is yes. This court reviews it for an abusive discretion standard. There has been no showing by Buckhorn that there's been an error of law applied by the district court. You have no authority for the notion that someone who's not a party to a fee-shifting agreement can recover under that agreement. You have no case. Your Honor, the district court did not limit its decision to that holding. What case supports the idea that a party, someone who is not a party to a fee-shifting agreement, can recover under the fee-shifting agreement? Your Honor, the issue here is the joint federal answer. You're not answering my question. You don't. What case says that a party who is not a party to a fee-shifting agreement can recover under the agreement? Your Honor, under the agreement, no. And the district court properly said, I am not awarding fees under that contract. The issue argued by Buckhorn is the wrong issue. The issue here is not whether there's a fee-shifting provision in a contract. The issue here is whether the district court can impose joint federal liability for a judgment. And I would also point out, Your Honor, that if you examine the provisions of the PLA, the provisions at issue, which are at JA 93, allocation of expenses, this provision basically talks about costs. Who shall be responsible for costs in any litigation? It defines costs, like some federal statutes, to include attorney's fees. So therefore, one way of looking at this, although the district court didn't address it in particular, is this is a question of costs being imposed and the law being how does costs get allocated and what's the rule when a district court is imposing costs on co-plaintiffs or co-defendants. And under the Sixth Circuit, as recognized by this court in the Ortho case, that the district court has discretion to either allocate costs or the default rule, barring some kind of particular conduct, is to make costs jointly and federally liable against the co-parties, which is what the district court did here when it examined the fact that Buckhorn was the party that controlled this litigation, instigated it, and was the one who was solely in charge of the case and caused the attorney's fees to be incurred and was the only one that could incur damages. And, as this court held in the prior appeal, had Buckhorn won, they would have had the right to seek attorney's fees against Orbis. That's what this court held. It is the law of this case. And Buckhorn never, never has challenged that provision. I would like to address one thing of a procedural nature, which is another significant thing on this issue. Buckhorn never appealed the court's initial order, which is Docket 291, in the Notice of Appeal. The Notice of Appeal only referenced the two orders determining the amount of the fees and the order of the judge denying reconsideration. Now, this court, with all due respect under those circumstances, has only limited jurisdiction to review either the amount of the fees or whether the court's denial of reconsideration was an abuse of discretion because Buckhorn never appealed from Docket 291, which was the order in which the court imposed joint sever liability initially. Now, Buckhorn abandoned the orders on the amount of fees because there's no argument in this appeal, anymore in this case, as to any challenge to the amount of reasonable fees awarded by the court. So, the only issue in front of this court, with all due respect, was the district court's denial of reconsideration, an abuse of discretion. Now, the standard for that in the Sixth Circuit is, did the district court, in denying reconsideration, was there a change in the law? Was there new evidence? Was there a manifest injustice? None of that has been shown to this court. Therefore, I respectfully submit that this court's jurisdiction is limited to reviewing the motion and the denial of reconsideration. And therefore, because of that, there's no basis to overturn the district court. Thank you very much. Thank you, Mr. Bonhomme. Ms. Woods has some rebuttals. Thank you. Let me make it perfectly clear. Buckhorn is not trying to escape its liability. In fact, it initiated the case in New York to bring this issue to a head and resolve the indemnification issues with Scholar and Buckhorn. Buckhorn did start that case. There's no counterclaim in that case yet, because the time for filing such a response of pleading has not yet arisen in that case. So, whether there will be a counterclaim by Scholar is yet to be seen. But let me turn now to this issue of whether or not Buckhorn stands in the shoes of Scholar. Yes, Buckhorn did rely on the patent license agreement for its standing to initiate this infringement case under its assignment of that patent. That was perfectly proper. It does not mean that Buckhorn stands in the shoes of Scholar with respect to a separate agreement, the ROPEC agreement, which is what they're trying to impose here. Nor does it mean that Orbis stands in Scholar's shoes under the patent license agreement. You simply cannot graft these two agreements together in the manner that the district court did. Let's also consider the particular mandate of this court was to determine the amount of fees under the ROPEC agreement. This court's mandate of remand said nothing about finding a new basis under the patent license agreement or exporting the indemnification provisions in that separate agreement into the fee issue, which had never been raised. Every time that Orbis raised its claim for fees, six times it briefed this issue. Every single time it said Scholar was liable to get under the ROPEC license agreement. It said also on several occasions that Buckhorn may have to indemnify Scholar for these fees, but that's an issue to be decided between Buckhorn and Scholar in New York, not by the Ohio District Court. If we look specifically at the orders of the Ohio District Court, the two fee orders, which are found at Joint Appendix 37 and Joint Appendix 15, the first and second fee orders, on both orders the district court references that Orbis is seeking fees under the ROPEC agreement. Then it goes off on this tangent under the patent license agreement when it actually explains what it did when Buckhorn asked it to clarify how there could be joint and several liability under the ROPEC-CITAC agreement. Ms. Wood, I'm a little puzzled. Your request for clarification was hardly a request for clarification because if you go back to the motion that you all made in 2013 to get dismissed from, if Buckhorn wanted to be dismissed, the trial court said, despite Buckhorn's argument that it has no obligation for attorney's fees, the unambiguous language of the PLA, pursuant to which Scholar agreed to become a nominal plaintiff in this proceeding, requires Buckhorn to pay any fees that may ultimately be awarded to Orbis. And then the court actually goes on in the next page and says, Scholar lacks any reasonable ability to respond to the Orbis fee request as an effective outside fiddle litigation. Accordingly, the court finds that Buckhorn's dismissal and absolution from any responsibility for its litigation of this matter is not just. Now, you knew that back in 2013. We absolutely did, Your Honor, and I had a couple of things I'd like to say in response to that. First of all, the ruling on that Rule 21 motion had to do with Joyner. It did not establish Joyner's federal liability. It's not an appealable order. I know. We didn't appeal it, Your Honor. It gets merged into a final judgment. We didn't appeal it. We can't appeal it. But the point is that order. You couldn't appeal until the fees were imposed on you. You appealed when the fees were imposed on you. That's exactly what we did, Your Honor. There wasn't even a fee motion pending at the time of this order. That fee motion was filed several months later. And the court goes on to say that it declined to decide this issue between Scholar and Buckhorn because it says, and I quote on JA 261, therefore this court declines to make a declarative finding or grant Scholar's request because this is a matter to be resolved between Buckhorn and Scholar in a New York court under New York law. And that is exactly why we did not raise that issue in our appeal. Because it's irrelevant. And the bottom line here is that there is no contractual basis for fee shifting imposing this liability directly on Buckhorn here. Whether we'll have liability to identify Scholar is for another court another day. And that case is being litigated. But it is wrong to remake contract law, to run roughshod over principles of mutuality, to get on the slippery slope of changing the American rule for attorney's fees, and to do all this because Orbis has a collection problem or because the district court thought it was more expedient. For this reason, the decision should be reversed. Thank you. Thank you, Ms. Woods. We will take the case under advisement. Thank you very much. I guess you can provide the site, yes. I'm sorry? Yes, you may provide the site with no argument. No, no, no, no. Just a number. It's on page 27 of the red brief. And it refers to statute number 13-1 at this time. Thank you very much. All rise. The honorable court is adjourned until tomorrow morning at 5 a.m.